UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTUS NELSON, CDCR #C-66719,<br><br>                    Plaintiff,<br>vs.<br>ARMANDO FAVILA, et al.,<br>                    Defendants. | Civil No.   07-0958 L (RBB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915A(b)** |

**I.  Procedural History**

On May 24, 2007, Plaintiff, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* July 2, 2007 Order at 5-6.)  Plaintiff was granted leave to file a First Amended Complaint in order to be able to correct the deficiencies of pleading identified by the Court in its Order.  (*Id.* at 6.)

After granting Plaintiff an extension of time, Plaintiff filed his First Amended Complaint ("FAC") on October 4, 2007.  However, Plaintiff's First Amended Complaint continues to suffer from the same deficiencies of pleading previously identified by the Court.

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not

initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.     Fourteenth Amendment Claims - Due Process

As Plaintiff did in his previous Complaint, he alleges that prison officials denied him due process when they categorized a disciplinary action as a serious rules violation.  (*See* FAC at 7-19.)  As the Court previously informed Plaintiff, in order to invoke the due process clause of the Fourteenth Amendment, he must first demonstrate to the Court that he can show a liberty interest at stake.  (*See* July 2, 2007 Order at 4.)  Specifically, the Supreme Court held in *Sandin v. Conner*, 515 U.S. 472, 483 (1995) that a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Id.* at 484 (citations omitted); *Neal v. Shimoda,* 131 F.3d 818, 827-28 (9th Cir. 1997).

In his First Amended Complaint, Plaintiff alleges that he could potentially suffer "atypical and significant hardship" if he is denied parole as a result of a guilty finding based on a rules violation report.  (*See* FAC at 13.)  However, Plaintiff does not allege that he was ever denied parole, much less allege that he was denied parole because of the disciplinary hearing relating to the serious rules violation report.  Thus, his claims are speculative and he has failed to meet the "atypical and significant hardship" threshold as set forth under *Sandin*.  Accordingly, the Court must, once again, dismiss Plaintiff's Fourteenth Amendment due process claims for failing to state a claim upon which § 1983 relief can be granted.

### B.     Fourteenth Amendment - Equal Protection claims

In his First Amended Complaint, Plaintiff also alleges he has been denied his right to equal protection under the Fourteenth Amendment.  (FAC at 23.)  The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985).  In order to state a claim under § 1983  alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege

facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes). Plaintiff has not alleged that he is a member of a protected class, nor has he plead facts to demonstrate that the Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Plaintiff has also failed to allege sufficient facts which may prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977). Accordingly, the Court dismisses Plaintiff's Fourteenth Amendment equal protection claims for failing to state a claim upon which § 1983 relief can be granted.

Thus, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). Because it is not altogether certain that Plaintiff would be unable to allege any additional facts related to the conditions under which he was injured, however, the Court will provide Plaintiff with an opportunity to amend his pleading in light of the standards set forth above. *See Lopez*, 203 F.3d at 1130-31.

### III. Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted

1  as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th
2  Cir. 1996).
3       The Clerk of the Court is directed to mail a Court approved form § 1983 complaint to
4  Plaintiff.
5  **IT IS SO ORDERED.**
6  DATED: January 10, 2008
7
8  M. James Lorenz
   United States District Court Judge
9  COPIES TO:
10 HON. RUBEN B. BROOKS
   UNITED STATES MAGISTRATE JUDGE
11
12 ALL COUNSEL/PARTIES