# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTUS NELSON, CDCR #C-66719, <br><br> Plaintiff, <br><br> vs. <br><br> VICTOR ALMAGER, Warden; LORENZO CALDERON, Correctional Captain; RAMON RENTERIA, Correctional Counselor; JOHN M. SOUKUP, Chief Disciplinary Officer; P.W. DAUGHTERY, Staff Service Analyst, R.W. FOX, Correctional Lieutenant, ARMANDO FAVILA, Associate Warden, JAMES TILTON, Secretary of CDCR, J. STOCKER, Appeals Examiner, <br><br> Defendants. | Civil No.   07-0958 L (RBB) <br><br> **ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

**I.   Procedural History**

On May 24, 2007, Plaintiff, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim upon

which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* July 2, 2007 Order at 5-6.) Plaintiff was granted leave to file a First Amended Complaint in order to be able to correct the deficiencies of pleading identified by the Court in its Order. (*Id.* at 6.)

After granting Plaintiff an extension of time, Plaintiff filed his First Amended Complaint ("FAC") on October 4, 2007. The Court, once again, dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted and permitted him one final opportunity to correct the deficiencies of pleading identified in the Court's Order. (*See* Jan. 10, 2008 Order at 4-5.) Subsequently, the Court granted Plaintiff an extension of time to file an Amended Complaint. (*See* Jan. 30, 2008 Order at 1.) Plaintiff filed his Second Amended Complaint ("SAC") on April 25, 2008.

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

As the Court stated in its previous Orders, the Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, the Court finds that Plaintiff's Fourteenth Amendment due process claims in his Second Amended Complaint survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.   The United States Marshal shall serve a copy of the Second Amended Complaint and summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

2.   Defendants are thereafter **ORDERED** to reply to the Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

1       3.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: July 7, 2008

M. James Lorenz
United States District Court Judge